

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

ZANIOUS TERRELL MURPHY

Petitioner,

v.

STATE OF MICHIGAN

Respondent.

Case No. _____

Case: 2:26-cv-10902
Assigned To : Murphy, Stephen J., III
Referral Judge: Morris, Patricia T.
Assign. Date : 3/18/2026
Description: HC MURPHY v.
MICHIGAN, STATE OF (MC)

---

# PETITIONER'S EMERGENCY MOTION

## TO STAY STATE CRIMINAL PROCEEDINGS

### PENDING RESOLUTION OF FEDERAL HABEAS PETITION

---

Petitioner Zanious Terrell Murphy, appearing in propria persona, respectfully moves this Court for an order staying the pending criminal proceedings in the Oakland County Circuit Court while this Court considers the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.

This motion is necessary to preserve the Court's ability to review the constitutional questions raised in the petition.

---

# I. INTRODUCTION

Petitioner has filed a federal habeas petition challenging the constitutionality of MCL 28.429, the Michigan firearm storage statute, as applied in the pending criminal prosecution.

The petition raises substantial constitutional issues including:

- the right to keep and bear arms under the Second Amendment to the United States Constitution

- due process concerns under the Fourteenth Amendment to the United States Constitution

- equal protection concerns related to alleged selective prosecution.

Petitioner respectfully requests that the Court temporarily stay the state criminal proceedings to allow these constitutional questions to be considered.

# II. STATUS OF THE STATE CRIMINAL CASE

Petitioner is currently the defendant in Oakland County Circuit Court Case No. 2025-295690-FH.

Trial is presently scheduled for March 30.

If the state proceedings continue while this Court considers the habeas petition, the constitutional issues raised in the petition may become moot or may require duplicative proceedings.

# III. RISK OF IRREPARABLE HARM

Absent a stay, Petitioner faces the possibility of proceeding through a full criminal trial before the constitutional issues raised in the federal petition are resolved.

This could result in:

- unnecessary expenditure of judicial resources

- potential retrial if constitutional violations are later identified

- continued deprivation of liberty interests.

A temporary stay would preserve the status quo while the Court reviews the petition.

# IV. JUDICIAL ECONOMY AND FAIRNESS

Granting a stay would promote judicial economy by allowing the Court to address the constitutional issues presented before the state criminal proceedings continue.

Resolving these issues at this stage may avoid unnecessary litigation and ensure that the underlying prosecution proceeds in a manner consistent with constitutional protections.

# COUNTERARGUMENTS AND REBUTTAL

## A. Anticipated State Argument: Public Safety Justifies the Statute

The State may argue that MCL 28.429 serves an important public safety objective by encouraging responsible firearm storage and preventing accidental injury.

Public safety is a legitimate governmental interest, and courts have recognized that states may enact laws intended to reduce risks associated with firearms.

However, the Supreme Court has made clear that the existence of a public safety interest alone does not automatically justify restrictions on constitutional rights.

In District of Columbia v. Heller, the Court rejected arguments that broad firearm prohibitions could be justified solely by general public safety concerns.

Similarly, in New York State Rifle & Pistol Association v. Bruen, the Court held that modern firearm regulations must be consistent with historical traditions of firearm regulation rather than justified solely through modern policy considerations.

Accordingly, while public safety may be an important policy objective, the government must demonstrate that the challenged regulation is consistent with historical firearm regulation traditions.

---

## B. Anticipated State Argument: Federal Courts Should Abstain Under Younger

The State may argue that federal courts should abstain from interfering with an ongoing state criminal prosecution under the doctrine articulated in Younger v. Harris.

Under Younger, federal courts generally avoid intervening in ongoing state criminal proceedings in order to respect principles of federalism and comity.

However, courts have recognized exceptions to the Younger doctrine where extraordinary circumstances are present.

Extraordinary circumstances may include situations where:

• a statute is alleged to be unconstitutional

• the prosecution implicates fundamental constitutional rights

• irreparable constitutional injury may occur absent federal review

Petitioner asserts that this case presents such extraordinary circumstances because the challenged statute directly affects the constitutional right to keep and bear arms within the home.

---

## C. Anticipated State Argument: The Statute Represents a Permissible Safety Regulation

The State may further argue that firearm storage requirements represent a permissible form of safety regulation similar to other firearm-related restrictions historically recognized by courts.

However, the framework established in New York State Rifle & Pistol Association v. Bruen requires the government to demonstrate that modern regulations are consistent with historical firearm regulation traditions.

Petitioner asserts that historical firearm regulations traditionally addressed public misuse of weapons rather than criminal penalties imposed for firearm storage within the home.

Absent historical analogues demonstrating a longstanding tradition of such regulation, the constitutionality of the statute remains subject to serious question.

# RULE SYNTHESIS

The Supreme Court's modern Second Amendment jurisprudence establishes a constitutional framework protecting the right of law-abiding citizens to possess firearms for lawful self-defense, particularly within the home. In District of Columbia v. Heller, the Court held that the Second Amendment protects an individual right to possess firearms independent of militia service and emphasized that self-defense within the home lies at the core of that right. The Court later held in McDonald v. City of Chicago that this right applies to the states through the Fourteenth Amendment.

More recently, the Court clarified the governing constitutional test in New York State Rifle & Pistol Association v. Bruen. Under Bruen, courts must determine whether modern firearm regulations are consistent with the Nation's historical tradition of firearm regulation. When a challenged law burdens conduct protected by the plain text of the Second Amendment, the government bears the burden of demonstrating that the regulation is consistent with historical analogues.

Taken together, these cases establish that regulations affecting firearm possession inside the home must be carefully scrutinized, and the government must justify such regulations by demonstrating a historical tradition supporting the restriction.

---

# V. RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Court:

1. Stay the pending criminal proceedings in the Oakland County Circuit Court;

2. Maintain the stay until resolution of the Petition for Writ of Habeas Corpus; and

3. Grant any additional relief deemed appropriate.

# CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court grant this motion and stay the state criminal proceedings pending resolution of the federal habeas petition.

Respectfully submitted,

Zanious Terrell Murphy

Petitioner, In Pro Per

X _Zanious Murphy_

Date: 3/18/26

# PROPOSED ORDER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

ZANIOUS TERRELL MURPHY

Petitioner,

v.

STATE OF MICHIGAN

Respondent.

Case No. _____

# ORDER

Upon consideration of Petitioner's Emergency Motion to Stay State Criminal Proceedings Pending Resolution of Federal Habeas Petition, the Court hereby:

☐ GRANTS the motion and stays the criminal proceedings in the Oakland County Circuit Court pending further order of this Court.

☐ DENIES the motion.

IT IS SO ORDERED.

Date: _3/18/26_

_____

United States District Judge

_____

# CERTIFICATE OF SERVICE

I certify that a copy of this motion was served upon the Michigan Attorney General and the Oakland County Prosecutor.

Date: _3/18/26_

Signature: _Barry Mery_